UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA DAWN MANUS | No. 2:16-cv-1964-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Gloria Manus seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from July 16, 2010, plaintiff's alleged disability onset date, through November 8, 2014, the date of the final administrative decision. (ECF No. 17.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment, and plaintiff filed a reply brief. (ECF Nos. 18, 19.)

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 8, 9.)

1

After carefully considering the record and the parties' briefing, the court GRANTS IN PART plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS the action for further administrative proceedings.

I.  BACKGROUND

Plaintiff was born on February 25, 1964; has completed an associate's degree; can communicate in English; and previously worked as an eyeglasses salesperson. (Administrative Transcript ("AT") 33, 64-65, 226.)[2] In July 2012, plaintiff applied for DIB and SSI, alleging that her disability began on July 16, 2010, and that she was disabled due to jaundice, abdominal swelling/water bloat, stomach pain, constant itchiness, diarrhea, stinging eyes, back pain, depression, and listlessness. (AT 22, 116-17, 205, 207, 227.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on July 24, 2014, at which plaintiff, represented by counsel, testified. (AT 60-91.) The ALJ subsequently issued a decision dated November 8, 2014, finding that plaintiff had not been under a disability, as defined in the Act, from July 16, 2010, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 22-34.) That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 13, 2016. (AT 1-3.) Plaintiff thereafter filed this action on August 18, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.  ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly evaluated the medical opinion evidence; and (2) whether the ALJ erred at step two by failing to find plaintiff's depression severe.

////

////

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ found that plaintiff met

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the

3

the insured status requirements of the Act for purposes of DIB through March 31, 2011. (AT 24.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since July 16, 2010, plaintiff's alleged onset date. (Id.) At step two, the ALJ found that plaintiff had the following severe impairment: alcoholic liver disease. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 28.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows: "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." (AT 29.) Then, at step four, the ALJ determined that plaintiff was capable of performing past relevant work in eyeglasses sales. (AT 33.) In the alternative, the ALJ proceeded to step five and found, based on the Grids, that plaintiff was capable of performing other jobs that existed in significant numbers in the national economy. (AT 34.) Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from July 16, 2010, plaintiff's alleged disability onset date, through November 8, 2014, the date of the ALJ's decision. (Id.)

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

*Whether the ALJ improperly evaluated the medical opinion evidence*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>Holohan v. Massanari</u>, 246 F.3d 1195,

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id.</u>

1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

The court first addresses the medical evidence concerning plaintiff's physical functional limitations before turning to the evidence concerning mental functional limitations.

Physical Functional Limitations

For the reasons discussed below, the court concludes that the ALJ appropriately weighed the medical opinions concerning plaintiff's physical functional limitations.

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

The ALJ reasonably discounted the opinion of consultative examiner Dr. Christine Fernando, who essentially limited plaintiff to sedentary work, noting that plaintiff gets tired and fatigued due to cirrhosis of the liver. (AT 1067-72.) As the ALJ explained:

> It appears that Dr. Fernando relied heavily on the claimant's own subjective statements rather than on objective findings of physical disease, and seemed to accept uncritically as true most, if not all, of what the claimant reported. Yet, as discussed elsewhere in this decision, there is reason for questioning the reliability of the claimant's subjective complaints.[5] Moreover, her own findings on examination were inconsistent with the claimant's statements. For example, the claimant reported to Dr. Fernando that she cannot walk far but admitted that she is able to go grocery shopping (Ex. 20F/4). The claimant reported that she has difficulty sitting and getting up from a sitting position (Ex. 20F/4). However, Dr. Fernando observed that the claimant "gets into the chair without difficulty and gets out of the chair without difficulty. There was no apparent ataxia or dyspnea" (Ex. 20F/6). Examination further revealed only a "minimally tender" abdomen without evidence of hepatosplenomegaly, ascites, rebound, or guarding. There was no peripheral edema or jaundice. Her standard gait, sensation, reflexes and muscle strength were intact (Ex. 20F/6-9).

(AT 31-32.) Indeed, Dr. Fernando did not adequately explain how she derived a mere sedentary functional capacity from plaintiff's largely normal physical examination.

Additionally, the ALJ properly discounted the opinion of treating physician Dr. William Trusnovic, who opined, *inter alia*, that plaintiff, due to her liver disease, could only occasionally lift less than 10 pounds, walk 1-2 blocks without rest or significant pain, and would need to take hourly 15-20 minute breaks during a workday. (AT 1046-47.) As an initial matter, the opinion is conclusory and unsupported by any specific clinical findings or rationale. See Meanel, 172 F.3d at 1114 (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. Given the severity of the opinion, one would expect greater justification and substantiation for the extreme limitations assessed. Also, as the ALJ explained:

> Dr. Trusnovic's own findings on examinations fail to support the limitations he provided. His examinations include few specific objective findings to support his opinion. For example, in November 2013, when he wrote this opinion, his clinic note shows

---

[5] The ALJ primarily found plaintiff less than credible based on "inconsistent and unpersuasive statements about her alcohol use." (AT 31.) Plaintiff has not challenged the ALJ's evaluation of her credibility on appeal.

|   |   |
|---|---|
| 1 | that the claimant was seen merely for "cold symptoms." Examination revealed merely upper respiratory signs of ear |
| 2 | effusions (Ex. 24F/11-13). Subsequent visits in January 2014 revealed no gastric complaints or findings (EX 24F/3-9, 25F). |
| 3 | Even prior to this opinion in July 2013, Dr. Trusnovic noted no abdominal findings other than moderate epigastric tenderness (Ex. |
| 4 | 25F/23). |

(AT 32.) Indeed, as the ALJ also observed, "[a]lthough the claimant has had temporary exacerbations of her alcoholic liver disease, the record reveals that her condition improved with treatment and alcohol abstinence." (See AT 30 [summarizing and discussing various treatment records].)

Furthermore, the ALJ legitimately gave reduced weight to the opinion of treating physician Dr. Katherine Schlaerth, who limited plaintiff to standing and walking only 3 hours a day (i.e., less than the 6 hours of standing/walking required for light work). (AT 537-38.) The ALJ reasoned that Dr. Schlaerth only treated plaintiff for a limited period of time between August 2012 and November 2012, and that although plaintiff's condition had been more severe during that period of time, the record shows that plaintiff's condition subsequently improved significantly. (AT 32.)

Finally, the ALJ rationally relied on the opinions of the state agency physicians, who found that plaintiff was capable of performing light work. (AT 31.) As the ALJ pointed out, their opinions were consistent with the treatment records, which the ALJ discussed in detail, suggesting that plaintiff's symptoms improved with treatment and alcohol abstinence. (Id.) See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.").

Therefore, the court finds that the ALJ's evaluation of the medical evidence concerning plaintiff's physical limitations is supported by the record and by the proper analysis.

<u>Mental Functional Limitations</u>

In this case, the ALJ entirely failed to address the separate mental health opinion of plaintiff's treating physician, Dr. Trusnovic, which assessed various mental limitations based on a

7

diagnosis of hepatic encephalopathy.[6]  On this record, the court cannot find that oversight to be harmless, because the record contains several references to impaired mental functioning resulting from plaintiff's past alcohol use and liver disease.  See, e.g., AT 946 (note by treating physician Dr. Ian Renner stating that plaintiff "is a pleasant, somewhat withdrawn lady with slow mentation consistent with minor neurological damage status post heavy alcohol use"), AT 1063-65 (physical consultative examiner Dr. Fernando noting mental limitations based on plaintiff's hepatic encephalopathy), AT 1080 (assessment by consultative examining psychologist Dr. Troy Ewing showing impaired memory).

      Consequently, the court remands the action for further consideration of all the mental health opinion evidence, including Dr. Trusnovic's opinion.  The ALJ is free to develop the record in any other respects deemed appropriate, such as obtaining additional medical or vocational expert testimony.  Importantly, the court does not instruct the ALJ to credit any particular opinion or evidence on remand.  Indeed, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, at any particular step on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

*Whether the ALJ erred at step two by failing to find plaintiff's depression severe*

      Plaintiff also alleges mental limitations deriving from depression, and contends that the ALJ should have found her depression severe at step two.  A proper determination in that regard would largely depend on the ALJ's evaluation of the mental opinion evidence, including whether mental functional limitations assessed, if any, are derived from plaintiff's liver disease or a mental health disorder, such as depression.  Therefore, this court, as a reviewing court, finds it more appropriate for the issue to be decided in the first instance by the ALJ on remand based on all the mental health opinion evidence in the record.

---

[6] "Hepatic encephalopathy is a decline in brain function that occurs as a result of severe liver disease. In this condition, the liver cannot adequately remove toxins from the blood. This causes a buildup of toxins in the bloodstream, which can lead to brain damage." https://www.healthline.com/health/hepatic-encephalopathy-2 (last visited Jan. 5, 2018).

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is GRANTED IN PART.
2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is DENIED.
3. The final decision of the Commissioner is REVERSED, and the case is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: January 9, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE