UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA DAWN MANUS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:16-cv-1964-KJN<br><br><br>ORDER |

        Plaintiff Gloria Dawn Manus commenced this social security action on August 18, 2016. (ECF No. 1.) On January 9, 2018, the court granted plaintiff's motion for summary judgment in part, denied the Commissioner's cross-motion for summary judgment, remanded the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. (ECF Nos. 20, 21.)

        Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 23.) The Commissioner filed an opposition to the motion, and plaintiff filed a reply brief. (ECF Nos. 26, 27.) After carefully considering the parties' briefing, the court's record, and the applicable law, the court GRANTS IN PART plaintiff's motion for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because she successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[1]

---

[1] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on January 9, 2018. (ECF No. 21.) The judgment became a non-appealable "final judgment" 60 days later on March 10, 2018. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by April 9, 2018. Plaintiff's April 9, 2018 application is therefore timely.

Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA, because the position of the Commissioner was substantially justified. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'").

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259.

The Commissioner's argument that its position in this case was substantially justified is unpersuasive. As the court previously explained, the ALJ plainly erred by failing to address a mental health opinion issued by plaintiff's treating physician, which assessed various mental limitations based on a diagnosis of hepatic encephalopathy. (ECF No. 20 at 7-8.) To be sure, there are several ambiguities and inconsistencies in the record evidence, and there may well be specific and legitimate reasons for discounting the treating physician's opinion. As such, the court declined to remand the case for payment of benefits. Indeed, the court expressed no opinion regarding how the evidence should ultimately be weighed within the confines of the applicable law. However, it is the ALJ's duty in the first instance to set forth specific and legitimate reasons for discounting a treating physician's opinion. Because the ALJ plainly failed to discharge that

duty, and the court could not find harmless error on the record in this case, remand was warranted, and the Commissioner's decision to defend the ALJ's error was not substantially justified.

Therefore, having concluded that the Commissioner's position was not substantially justified, and that there are no other special circumstances that would make an award of EAJA fees unjust, the court finds that plaintiff is entitled to an award of fees pursuant to the EAJA.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). In this case, plaintiff's counsel seeks $14.10 in expenses (related to service of process) and $10,276.38 in attorneys' fees for prosecution of the action (inclusive of all briefing related to the opposed application for EAJA fees). (ECF Nos. 23, 27.)

The Commissioner has not challenged plaintiff's counsel's hourly rates, which are based on the hourly rates for EAJA fees published on the Ninth Circuit's website—$192.68 for 2016 and $196.79 for 2017 and 2018. See 28 U.S.C. § 2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6.

However, the Commissioner objects to the reasonableness of the time plaintiff's counsel spent on various tasks and activities. After independently reviewing the individual time entries on the timesheets submitted by plaintiff's counsel (ECF Nos. 24-1, 24-2, 24-3, 24-4), the court deducts the following time spent on purely clerical or secretarial tasks (such as receiving and preparing files; receiving routine case e-mails; and reviewing routine notices and filings, such as answers, notices of appearance, and orders granting pro hac vice applications) or work that was insufficiently described to determine the nature of the work (such as a mere "Email to Co-Counsel" designation): (a) 4.5 hours of paralegal time in 2016 at an hourly rate of $125; (b) 0.1 hours of attorney time in 2016 at an hourly rate of $192.68; (c) 1.1 hours of paralegal time in 2017 and 2018 at an hourly rate of $125; and (d) 1.3 hours of attorney time in 2017 and 2018 at an hourly rate of $196.79, for a total deduction of $975.10.

4

The court finds the remaining time spent by plaintiff's counsel to be reasonable and thus overrules the Commissioner's objections to the extent that they are not addressed by the above modifications.

Finally, in light of the fact that plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the court concludes that the requested amount of fees, as modified above, is consistent with the result obtained.

Therefore, the court awards plaintiff her EAJA attorneys' fees in the amount of $9,301.28 ($10,276.38 - $975.10 = $9,301.28) and expenses in the amount of $14.10, for a total of $9,315.38. The court notes that plaintiff has executed an assignment of EAJA fees to plaintiff's counsel. (ECF No. 24-5.) However, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, 560 U.S. 586 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees and expenses under the EAJA (ECF No. 23) is GRANTED IN PART.
2. Plaintiff is awarded attorneys' fees and expenses in the total amount of $9,315.38 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

Dated: June 18, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE